JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SA CV 16-0432-DOC (JCGx)            Date: March 23, 2016

Title: CAM IX TRUST V. CHANGE JAE CHUNG, ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING MOTION TO REMAND REMOVED ACTION [8]**

Before the Court is Plaintiff Cam IX Trust's ("Cam" or "Plaintiff") Motion for Remand Removed Action (Dkt. 8). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the Motion, the Court determines the case was improperly removed and the Court lacks subject matter jurisdiction over the case. Accordingly, the case is REMANDED to Orange County Superior Court.

**I.    Legal Standard**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ( "[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0432-DOC (JCGx)  Date: March 23, 2016
Page 2

A defendant may generally remove a civil action from a state court to a federal court if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807–08 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332; *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978). Therefore, if the district court has a basis for subject matter jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the action may be removed by a defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68–69 (1996); *Wis. Dept. of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

However, a major limitation exists regarding the defendant's right to removal. A defendant may not remove a civil action to federal court in the state in which the action was brought if the defendant is a citizen of that state. 28 U.S.C. § 1441(b)(2); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 n.6 (2005) (noting lower courts' characterization of the defect as procedural, not jurisdictional). Thus, a district court must remand a case removed by a "local" defendant – that is, a defendant who is a citizen of the state in which the action was originally brought. *See Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal.").

## II.   Discussion

Based on the information provided to the Court, it appears that both parties are citizens of California. *See* Complaint ("Compl.") (Dkt. 8-2) ¶ 1–2; Mot. at 6. Defendant is therefore a citizen of the state in which the action was originally brought (California). Accordingly, the Court must remand the case because it was improperly removed by a "local" defendant. 28 U.S.C. § 1441(b)(2); *see U.S. Bank Nat. Ass'n v. Gudoy*, No. 10-1440, 2010 WL 4974570, at *3 (S.D. Cal. Nov. 30, 2010); *Catlett v. McKesson Corp.*, No. 13-03067, 2013 WL 4516732, at *2 (N.D. Cal. Aug. 23, 2013) (granting motion to remand because of the presence of a "forum defendant").

Even if Defendant's removal was not defective on this ground, the Court still finds it must remand the case for lack of subject matter jurisdiction. Defendant alleges removal is proper based upon federal question jurisdiction. Notice of Removal at 3. Although Defendant did not argue the issue, the Court will also consider whether diversity jurisdiction exists.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0432-DOC (JCGx)                                                   Date: March 23, 2016
                                                                                                                                 Page 3

      Neither diversity jurisdiction nor federal question jurisdiction exists here. First, there exists no basis for diversity jurisdiction under 28 U.S.C. § 1332. Both parties are citizens of California. *See* Mot. at 3. Because both parties are citizens of the same state, the diversity requirement is not met. Additionally, Defendant has failed to meet the burden of proving the $75,000 "amount in controversy" requirement under § 1332 is met. *See Deutsche Bank Trust Co. Americas v. Ale*, No. 13-00350, 2013 WL 781996, at *2 (C.D. Cal. Feb. 28, 2013); *see also Olmos v. Residential Credit Solutions, Inc.*, 92 F.Supp.3d 954, 956 (C.D. Cal. 2015) ("Where, as here, the Complaint does not allege an amount in controversy, the removing party bears the burden of proving 'by a preponderance of the evidence' that the amount in controversy requirement is met. This burden requires the removing defendant to show that it is 'more likely than not' that the amount in controversy is satisfied.") (citations omitted). Thus, because diversity of citizenship between the parties is lacking and the amount in controversy requirement has not been met, this Court has no basis for jurisdiction pursuant to § 1332.

      Second, there is no federal question presented in this case. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The federal question must not be aided by the petition for removal. *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985). And, removability cannot be created by counter-claims or defenses presenting federal questions. *Id.*; *see also Caterpillar, Inc.*, 582 U.S. at 393.

      Defendant contends this case involves the Fair Debt Collection Practices Act and the Truth in Lending Act. Notice of Removal at 2–3. However, Plaintiff brought its Complaint under California Code of Civil Procedure § 1161(a) – a state-law claim. *Deutsche Bank Trust Co. Americas*, 2013 WL 781996, at *1. The Complaint contains only this unlawful detainer claim; it does not allege any federal claim or contain any citations to federal law. Thus, from the face of the Complaint, there is no basis for federal question jurisdiction. *See id.*; *see also IndyMac Fed. Bank, F.S.B. v. Ocampo,* No. 09–2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (remanding an action *sua sponte* to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful-detainer claim); *Galileo Fi. v. Miin Sun Park,* No. 09–1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists."). That Defendant might assert a defense based on federal law does not vest this Court with federal question jurisdiction; it is the Complaint that triggers the Court's

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0432-DOC (JCGx)                          Date: March 23, 2016

Page 4

jurisdiction. Accordingly, the Court finds it lacks subject matter jurisdiction over Plaintiff's unlawful detainer action.

## III. Disposition

The Court hereby GRANTS the Application and REMANDS this action to the Superior Court of California, County of Orange, No. 30-02016-00832970-CL-UD-NJC.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                   Initials of Deputy Clerk: djg
CIVIL-GEN